```
                                                                    FILED
                                                              IN CLERK'S OFFICE
                                                            US DISTRICT COURT E.D.N.Y.

UNITED STATES DISTRICT COURT                                ★  JUN 02 2017  ★
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    BROOKLYN OFFICE
```

RAFAEL LOPEZ,                                NOT FOR PUBLICATION

        Plaintiff,                **DECISION AND ORDER**
                                             17-CV-2744 (WFK) (CLP)
-v.-

WARDEN HERMAN QUAY et al.,

        Defendants.

-----------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Rafael Lopez ("Plaintiff"), currently incarcerated at the Metropolitan Correctional Center ("MCC"), brings this *pro se* action under 42 U.S.C. § 1983 related to events that allegedly occurred while he was previously incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. The Court liberally construes Plaintiff's Complaint, ECF No. 1, as brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is GRANTED. For the reasons discussed below, Plaintiff's claims against Warden Herman Quay are DISMISSED. Plaintiff's claims against MDC Lieutenant John Doe and MDC Officer Jane Doe shall proceed.

## BACKGROUND

On September 27, 2016, at 7:45 P.M., Plaintiff was allegedly attacked by another inmate in Unit 6-2 at the MDC and suffered severe injuries that required him to be transported to a hospital. Compl. at 3.[1] Plaintiff further alleges that MDC Lieutenant John Doe and MDC Officer Jane Doe, named herein as defendants, witnessed the attack, but failed to respond or protect him. Compl. at 10–13. Plaintiff seeks money damages and for "officials [to] stop this crazy gang M-13 member from hurting anybody else . . . let alone me again ever again." *Id.* at 13.

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But it is axiomatic that complaints filed by *pro se* plaintiffs are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). 28 U.S.C. § 1915A directs district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## DISCUSSION

Plaintiff's claims against Warden Herman Quay must be dismissed. In a civil rights action, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Leibovitz v. City of New York*, 15-CV-1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015) (Matsumoto, J.); *Holmes v. Kelly*, 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014) (Irizarry, J.). A

plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). In addition, liability under § 1983 and *Bivens* cannot be generally imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003); *Hurdle v. Pagnotta*, 16-CV-4186, 2016 WL 4186974, at *2 (E.D.N.Y. Aug. 5, 2016) (Cogan, J.). Here, Plaintiff fails to allege any facts to support a claim against Warden Herman Quay and there is nothing in the Complaint to suggest that he had any direct involvement with, knowledge of, or responsibility for the alleged civil rights deprivation such that he would be liable.

## CONCLUSION

All claims against Warden Herman Quay are dismissed. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to this defendant and the Clerk of Court is directed to amend the caption to reflect the dismissal of this defendant. Plaintiff's claims against MDC Lieutenant John Doe and MDC Officer Jane Doe shall proceed.

The Court requests the United States Attorney's Office for the Eastern District of New York (the "Office") to ascertain the full names and service addresses of the John Doe and Jane Doe defendants allegedly involved in this September 27, 2016 incident. *Cf. Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam) (remanding case where plaintiff had insufficient information to identify and serve the defendant). The Office need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in

*Valentin*. The Office is further requested to produce the information specified above regarding the identity and service addresses of the remaining defendants within twenty-one (21) days from the entry of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names and service addresses of the remaining defendants, summonses shall issue and the United States Marshal Service shall serve the summonses, the complaint, and this Order upon them without prepayment of fees.

The Clerk of Court shall send a copy of this Order to Plaintiff and to the Office. The case is referred to Magistrate Judge Cheryl L. Pollak for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/S/ William F. Kuntz, II
———————————————
WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2017
      Brooklyn, New York